IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR.,             )
                                   )
            Plaintiff,             )
                                   )
      v.                           )           1:21CV8
                                   )
KELDA S. DAVIS, et al.,            )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former pretrial detainee in the Durham County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the mother of his son and multiple governmental entities, officers, and employees as Defendants based on a variety of circumstances. He seeks $7 billion in actual and punitive damages.

Because (at the time of filing) Plaintiff was "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Id. In other words, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to

situations in which doctrines established by the United States Constitution or at common law

immunize governments and/or government personnel from liability for monetary damages.

See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing

sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray,

386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and

common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity);

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

-2-

cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and because it seeks monetary damages from a defendant with immunity from such relief.

The first Defendant named in the Complaint is Kelda S. Davis, the mother of Plaintiff's son. The Complaint alleges that she wrongfully denied Plaintiff visitation with his son. Even if true, this allegation does not state any claim for relief under § 1983 because that statute only covers violations of federal constitutional rights by state actors. Absent circumstances not alleged in the Complaint, Defendant Davis would be a private actor, not a state actor. Therefore, the Complaint states no viable claim against her.

The Complaint next names the Durham Police Department as a Defendant based on Plaintiff's allegedly improper arrest for possession of a firearm by a felon. The Complaint alleges that he is not a felon. It also names Durham Police Chief Cerlyn Davis as a Defendant based on the same allegations. Claims under § 1983 must be filed against "persons" who violate a plaintiff's rights. The Complaint does not allege that Defendant Davis was personally involved in Plaintiff's arrest. To the extent that Durham Police Department could be considered a person or that a person such as Defendant Davis could be substituted for that entity, the Complaint also alleges no direct involvement by the

-3-

Department. Plaintiff may seek to raise a claim against Defendant Davis and the Department based on their position as supervisors or employers of the officers actually involved in Plaintiff's arrest. However, if so, the Complaint does not state a claim under § 1983 because theories of *respondeat superior* or supervisory liability do not exist under § 1983. Iqbal, 556 U.S. at 676-78. The Complaint alleges no facts to show that the named Defendants participated in or were even aware of the arrest at the time it occurred. Therefore, it states no claim for relief against Defendants Davis and the Durham Police Department. The Complaint additionally names the Human Resources Director and/or Director of City Hall as Defendants based on that person's hiring and employment of officers of the Durham Police Department. This claim also fails due to the lack of supervisory liability under § 1983.

The Complaint next names Judge D. Walker and "Durham's Family Court" as Defendants because they entered adverse rulings against Plaintiff in family court matters. This claim appears to be a frivolous attempt by Plaintiff to litigate family court matters in this Court under the guise of a § 1983 action. Regardless, the Complaint against these Defendants fails because judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Judge Walker and any other judges making family court rulings in Durham cannot be sued by Plaintiff for damages based on their judicial rulings. Therefore, the claims against these Defendants should be dismissed.

The final group of Defendants in this case is the Durham County Detention Center, Captain Barnes, who is employed at the Detention Center, and Durham County Sheriff

Clarence Birkhead. As the Court has told Plaintiff in other cases, the Durham County Detention Center is a building, not a person and, therefore, cannot be sued under § 1983. To the extent that Defendant Birkhead, who controls that facility, could be substituted as a Defendant, any claim based on supervisory liability would fail as discussed above. The Complaint names Defendant Birkhead on exactly that basis, with no other possible basis for liability alleged. Therefore, any claims against the Detention Center and Defendant Birkhead should be dismissed. As to Defendant Barnes, the only allegation contained against him in the Complaint is that Plaintiff wrote grievances to Defendant Barnes "regarding on going [sic] mail issue(s)" at the Detention Center. (Docket Entry 2 at 10.) Defendant Barnes did not violate Plaintiff's rights because Plaintiff wrote grievances to him. Even if the Complaint can be read to allege that Defendant Barnes did not respond to Plaintiff's grievances or denied them, it still does not state any claim as to Defendant Barnes because Plaintiff has no constitutional right to a proper grievance response or even to any grievance procedure at all. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, Plaintiff's claim against Barnes should also be dismissed. The entire Complaint fails to state any proper claim for relief.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $2.87. Failure to comply with this Order will lead to dismissal of the complaint

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $2.87.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.  Plaintiff has now been released from custody, but a copy of this order will be sent to his former trustees so that they are aware of the debt should he reenter custody.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 9th day of August, 2021.


                                         /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                              **United States Magistrate Judge**